IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Fred Martin, ) | C/A No. 4:13-1016-DCN-TER |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| William Byars; Investigator Lane, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The plaintiff, Anthony Fred Martin ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is an inmate at Perry Correctional Institution ("PCI"), a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names SCDC employees as defendants.[1] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.      Factual and Procedural Background**

Plaintiff alleges that he was sexually assaulted at PCI on December 20, 2011, by a correctional officer. (ECF No. 1 at 3.) Plaintiff indicates that he has a pending civil rights action in this court regarding the December 2011 incident. (Id. at 1, 3); see also Martin v. Byars, et al., C/A No. 0:12-2100-DCN-PJG (D.S.C. July 30, 2012). In January of 2012, Plaintiff sent a letter to the Division of Internal Affairs requesting an investigation. (ECF No. 1 at 3.) Investigator Lane

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

questioned Plaintiff on August 14, 2012. (Id. at 4.) However, Plaintiff complains that defendant Lane closed the investigation without properly investigating Plaintiff's allegations. (Id.) Plaintiff alleges that defendant Lane's intentional failure to conduct a thorough investigation "to protect other Agency employees from criminal indictments" constitutes a conspiracy to deny Plaintiff equal protection based on his race and gender. (Id. at 4–5.)

Plaintiff claims that SCDC Director, William Byars, "was informed about this situation yet he failed to take any prompt remedial action." (Id. at 7.) Plaintiff alleges that defendant Byars failure to act caused Plaintiff great distress. (Id.) Plaintiff seeks monetary damages. (Id. at 6.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

### 1. Defendant Byars

In the present case, Plaintiff provides no factual allegations to demonstrate defendant Byars' personal involvement in the alleged December 2011 sexual assault or defendant Lane's investigation of the incident. Instead, Plaintiff claims that defendant Byars failed to take prompt remedial action upon being informed of "this situation." (ECF No. 1 at 7.) While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be demonstrated to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff's Complaint fails to demonstrate that defendant Byars was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff regarding the alleged sexual assault incident, or defendant

Lane's subsequent investigation thereof. Thus, Plaintiff fails to allege a cognizable § 1983 claim against defendant Byars in an individual or supervisory capacity.

### 2. Defendant Lane

Plaintiff alleges that defendant Lane's intentional failure to conduct a thorough investigation "to protect other Agency employees from criminal indictments" constitutes a conspiracy. (ECF No. 1 at 4–5.) Under 42 U.S.C. § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. Simmons v. Poe, 47 F.3d 1370, 1376–77 (4th Cir.1995); Buschi v. Kirven, 775 F.2d 1240, 1248 (4th Cir.1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). In the present case, Plaintiff presents only conclusory allegations that defendant Lane's lack of investigation was motivated by "racial and gender" bias. Also, Plaintiff alleges no concrete facts that defendant Lane came to any mutual understanding, or acted "jointly in concert," with any other individual to deprive Plaintiff of his constitutional rights. See Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996); see also Ruttenberg v. Jones, No. 07-1037, 2008 WL 2436157, at *8 (4th Cir. June 17, 2008). Thus, Plaintiff's conspiracy claim must fail.

Plaintiff further alleges a denial of equal protection by defendant Lane. "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook

v. Olech, 528 U.S. 562, 564 (2000) (internal quotation marks and alteration omitted). Thus, the Supreme Court has recognized the validity of "class of one" Equal Protection claims, "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id.; see also Willis v. Town of Marshall, N.C., 426 F.3d 251, 263 (4th Cir. 2005). In the instant action, Plaintiff complains that "a white female staff official" would have received a more favorable response and thorough investigation from defendant Lane. (ECF No. 1 at 4.) As the Complaint fails to allege that defendant Lane treated Plaintiff differently from any other similarly situated inmate, Plaintiff's equal protection claim against defendant Lane is also subject to summary dismissal.

### 3.     State law claims

Although Plaintiff's claim of intentional infliction of emotional distress could be actionable under South Carolina law, this court has no jurisdiction over the parties absent diversity or pendant jurisdiction.[2] Plaintiff and defendants are citizens of the State of South Carolina, therefore, diversity jurisdiction is not present in the above-captioned case. Further, because Plaintiff's allegations of federal constitutional violations are recommended for summary dismissal, the court should decline to exercise supplemental jurisdiction over any state law claims which may be found in the instant Complaint. See 28 U.S.C. § 1367(c)(3).

---

[2] The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars. 28 U.S.C. § 1332. Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372–74 (1978).

**III.     Conclusion**

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

|  |  |
|---|---|
| | s/Thomas E. Rogers, III |
| September 6, 2013 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).